UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| KELLI ANDERSON, et al., | ) |
| Plaintiffs, | ) |
| vs. | ) CV 04-B-0721-S |
| VALSPAR CORPORATION; DAVID R. CROMES, | ) |
| Defendants. | ) |

ENTERED
SEP - 8 2004

## MEMORANDUM OPINION

This case is presently pending before the court on plaintiffs' Motion to Remand. (Doc. 5.)[1] Upon consideration of the record, the submissions of the parties, the arguments of counsel, and the relevant law, the court is of the opinion that plaintiffs' Motion for Remand, (doc. 5), is due to be granted.

Federal courts are courts of limited jurisdiction. Therefore, this court may only hear cases that the Constitution or Congress has authorized. A federal court has jurisdiction over cases involving parties from different states when the amount in controversy exceeds $75,000, excluding interest and costs. 28 U.S.C. § 1332(a). Diversity jurisdiction requires complete diversity; every plaintiff must be diverse from every defendant. *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998).

---

[1] Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.

A defendant seeking to remove a case from state court to federal court has the burden of proving the existence of federal jurisdiction. *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997). Because federal jurisdiction is limited, the Eleventh Circuit has held that cases removed from state court are to be remanded "where federal jurisdiction is not ***absolutely*** clear." *See Lowe's OK'd Used Cars, Inc. v. Acceptance Insurance Co.*, 995 F. Supp. 1388, 1389 (M.D. Ala. 1998)(citing *Burns v. Windsor Insurance Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994))(emphasis added). To this end, removal statutes are strictly construed, with all doubts resolved in favor of remand. *Id.* (citing *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996), *cert. denied* 520 U.S. 1162 (1997)). Moreover, all facts alleged in the Complaint are construed in favor of plaintiffs, and all "uncertainties" regarding the substantive state law are resolved in favor of plaintiffs. *Crowe*, 113 F.3d at 1538 (11th Cir. 1997). "In addressing the issue of fraudulent joinder, the district court . . . can consider any submitted affidavits and/or deposition transcripts." *Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1561 (11th Cir. 1989); *see also Fowler v. Provident Life and Accident Ins. Co.*, 256 F. Supp. 2d 1243, 1246 (N.D. Ala. 2003)(citing *de Perez v. AT & T Co.*, 139 F.3d 1368, 1380 (11th Cir. 1998)).

Plaintiffs are residents of Alabama, and defendant David R. Cromes is a resident of Alabama. Therefore, complete diversity among the parties, as required for diversity jurisdiction, does not exist. However, defendants contend that plaintiffs fraudulently joined Cromes. (Doc. 1 ¶ 6.)

"Fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity." *Triggs*, 154 F.3d at 1287. "When a defendant has been fraudulently joined, the court should disregard his or her citizenship for purposes of determining whether a case is removable based upon diversity of citizenship." *Bullock v. United Benefit Ins. Co.*, 165 F. Supp. 2d 1255, 1257 (M.D. Ala. 2001). If plaintiffs fraudulently joined Cromes, the court has subject-matter jurisdiction over this action. If plaintiffs did not fraudulently join Cromes, the court is without subject-matter jurisdiction, and this matter must be remanded to the Circuit Court of Jefferson County (Birmingham Division). The burden is on defendants, as the parties alleging fraudulent joinder, to prove their allegations "by clear and convincing evidence." *Wright v. American General Life and Accident Insurance Co.*, 136 F. Supp. 2d 1207, 1211 (M.D. Ala. 2001)(internal citations omitted).

Joinder is "fraudulent" if "there is no possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant." *Triggs*, 154 F.3d at 1287 (citing *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440 (11th Cir. 1983), *superceded, on other grounds, by statute, as stated in Georgetown Manor, Inc. v. Ethan Allen, Inc.*, 991 F.2d 1533 (11th Cir. 1993)). The *Triggs* Court held:

> "If there is ***even a possibility*** that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court." The plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a ***possibility*** of stating a valid cause of action in order for the joinder to be legitimate.

3

*Id.* (quoting *Coker*, 709 F.2d at 1440-41)(emphasis in original).[2] Thus, in order for this court to find that plaintiffs' joinder of Cromes was fraudulent, this court must find there is no "possibility" that the Alabama court would find that the Complaint states a single valid claim against him.

Defendants contend that plaintiffs fraudulently joined Cromes because "Plaintiffs make no specific allegations about any actionable conduct committed by Cromes," and "Plaintiffs provide no indication as to how Cromes is connected to Valspar Coatings, the plant, or other allegations that form the basis of their complaint." (Doc. 1 ¶ 8.) However, defendants submitted Cromes's Affidavit, which may be considered by the court in determining whether plaintiffs fraudulently joined Cromes. *See Cabalceta*, 883 F.2d at 1561.

Cromes's Affidavit states, in pertinent part, that he has been the Plant Manager of the Valspar plant at issue in this case since August 20, 2001. (Doc. 1, Ex. B ¶ 2.) Cromes denies responsibility for "compliance with all environmental laws and regulations, including the emissions requirements of Valspar's permit from the Jefferson County Department of Health." (*Id.* ¶ 5.) Plaintiffs' Complaint alleges, *inter alia*, "Defendants intentionally and/or willfully, negligently and/or wantonly caused or allowed the plaintiffs to be subjected and/or

---

[2]The Fifth Circuit phrased the issue as follows: "[T]he question is whether there is arguably a reasonable basis for predicting that the state law *might* impose liability on the facts involved. If that possibility exists, a good faith assertion of such an expectancy in a state court . . . is not fraudulent in fact or in law." *Bobby Jones Garden Apartments v. Suleski*, 391 F.2d 172, 176-77 (5th Cir. 1968)(emphasis added). Decisions of the former Fifth Circuit Court of Appeals rendered prior to October 1, 1981, constitute binding precedent in the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981)(en banc).

exposed to harmful chemicals, substances and conditions." (Doc. 1, Ex. A (Complaint) at 11.)[3] For purposes of deciding plaintiffs' Motion to Remand, the court assumes that plaintiffs were injured by exposure to harmful emissions and that Cromes was aware of the harmful emissions during the course of the performance of his administrative duties at the Valspar plant, where he is Plant Manager.[4] Therefore, the question is whether Alabama law "might impose liability" on Cromes based on these facts. *See Suleski*, 391 F.2d at 177; *see also Crowe*, 113 F.3d at 1539 (The Eleventh Circuit defined issue on Motion to Remand as "whether the facts alleged in Plaintiffs' complaint state even an *arguable* cause of action." (emphasis in original)).

In this Circuit –

> [T]o require a case removed to federal court to be remanded to state court, the plaintiff need not show that he could survive in the district court a motion for summary judgment filed by that in-state defendant. For a remand, the plaintiff's burden is much lighter than that: after drawing all reasonable inferences from the record in the plaintiff's favor and then resolving all contested issues of fact in favor of the plaintiff, there need only be a reasonable basis for predicting that the state law *might* impose liability on the facts involved.
>
> Because the procedures are similar while the substantive standards are very different, district courts must exercise extraordinary care to avoid

---

[3] "When multiple defendants are named in a complaint, the allegations can be and usually are to be read in such a way that each defendant is having the allegations made about him individually." *Crowe*, 113 F.3d at 1539.

[4] Although Cromes's Affidavit states to the contrary, for purposes of the Motion to Remand, the court must resolve all contested issues of fact in favor of the plaintiffs. *See Crowe*, 113 F.3d at 1538.

> jumbling up motions for remand and motions for summary judgment that come before them.
>
> In the remand context, the district court's authority to look into the ultimate merit of the plaintiff's claims must be limited to checking for obviously fraudulent or frivolous claims. Although we have said that district courts may look beyond the face of the complaint, we emphasize that the district court is to stop short of adjudicating the merits of cases that do not appear readily to be frivolous or fraudulent.

*Crowe*, 113 F.3d at 1541-42 (emphasis in original; internal citations omitted).

Alabama law provides, "It is not [the employee's] contract with his employer which exposes him to liability to third persons but his common law obligation to use that which he controls in such a manner as not to injure another." Jenelle Mims Marsh and Charles W. Gamble, ALABAMA LAW OF DAMAGES § 21:6 (4th. ed.)(citing *Dillon v. AFBIC Development Corp.*, 597 F. 2d 556 (5th Cir. 1979); *Hilburn v. McKinney*, 85 So. 496 (Ala. 1920)); *see also Ex parte Cranman*, 792 So.2d 392, 403 (Ala. 2000)("When a person commits a tort, it is wholly immaterial upon the question of his liability, whether he was acting officially or personally."); *Inter-Connect, Inc. v. Gross*, 644 So.2d 867, 869 (Ala. 1994)("It is a well settled rule in this state that a person is liable for the torts which he or she commits, regardless of the capacity in which that person acts. . . . The reason for finding personal liability is that the agent personally has committed a wrong, independent of the principal's wrongdoing.")(citations and internal quotations omitted). Therefore, if, as plaintiffs allege, Cromes "intentionally and/or willfully, negligently and/or wantonly caused or allowed the plaintiffs to be subjected and/or exposed to harmful chemicals," (doc. 1, Ex. A (Complaint) at 11), during the performance of his duties as Plant Manager, he would be liable to plaintiffs.

*See Waters v. Anthony*, 40 So. 2d 316, 318 (Ala. 1949)(employee may be liable to third-parties if he "enter[ed] upon [the discharge of his duties] and while so doing he [was] negligent in [his] performance, either by doing a wrongful act or by neglecting to do what he should have done in the exercise of due care, the duty which he breached is not alone that due to his employer, but also to [plaintiffs] who [are] injured thereby"); *see also Clark v. Floyd*, 514 So.2d 1309, 1319 (Ala. 1987)(Alabama common law recognizes that an employee has a "common law duty . . . to any person . . . that is injured or damaged as a result of the employee's failure to use reasonable care in the discharge of his job responsibilities.")(citations omitted).

Defendants argue that control of the plant's emissions was not Cromes's responsibility. In support of this argument, they have presented Crome's Affidavit, which states that Valspar's Regulatory Affairs Department "is responsible for overall corporate environmental compliance," and that Cromes is "responsible for the general direction, leadership, and management of the Plant." (Doc. 1, Ex. B ¶¶ 3, 5.) However, plaintiffs have submitted a letter from Cromes regarding his investigation of "the odor incident at 10 a.m. on November 11, 2003," and resolution of the incident, which included installation of "new purge gas regulation equipment," as well as "a comprehensive odor control plan." (Doc. 7, Ex. B.) Viewing the facts in the light most favorable to plaintiffs, it appears that plaintiffs contend, at least in part, that their exposure to harmful emissions was caused, at least in part, due to the odor incident. Moreover, the letter signed by Cromes is at least some evidence that he is responsible for preventing and correcting improper plant emissions.

Based on the foregoing, this court cannot conclude that there is no possibility that a state court would find that plaintiffs have not stated a claim against Cromes based on his intentional, willful, negligent, and/or wanton conduct that caused them injury.[5] Therefore, plaintiffs' Motion to Remand will be granted and this case will be remanded to the Circuit Court of Jefferson County, Alabama (Birmingham Division).

## CONCLUSION

For the foregoing reasons, the court finds that plaintiffs' Motion to Remand is due to be granted. An order remanding this case to the Circuit Court of Jefferson County (Birmingham Division), Alabama will be entered contemporaneously with this Memorandum Opinion.

**DONE** this  8th  day of September, 2004.

*Sharon Lovelace Blackburn*
SHARON LOVELACE BLACKBURN
United States District Judge

---

[5]The court's decision rests solely on the allegations of intentional, willful, negligent and/or wanton conduct in Count 1 of plaintiffs' Complaint. Because the court finds that there is a possibility that plaintiffs can prove this cause of action against Cromes, it pretermits further discussion of the viability of the remaining claims against Cromes. *See Triggs*, 154 F.3d at 1287 (fraudulent joinder requires a showing that "there is no possibility that the plaintiff can prove *a* cause of action against the resident (non-diverse) defendant" (original emphasis deleted and emphasis added)).